PHILANDER E. NOYES vs. GEORGE M. GODING AND JOHN O. LEGROO.

Franklin.    Opinion November 27, 1908.

*Deed.   Reservation of Trees.   Executory Contract.*

The defendants by deed of warranty dated May 2, 1904, conveyed certain° land to the plaintiff. The deed contained the following clause: "Excepting and reserving, however, from the above described premises all the pine trees now growing on the same, with the right for the same to remain for a period of two years from date of this deed and not longer." In December, 1907, the defendant entered the premises conveyed by them as aforesaid to the plaintiff and cut and carried away certain of the pine trees standing and growing thereon.

*Held:* That the clause permitting the removal of the pine trees was an executory contract, the performance of which was to be consummated within two years from the date of the deed and that at the expiration of the two years the right of the defendants to remove the trees had expired.

On report.    Judgment for plaintiff.

Trespass quare clausum.    The declaration in the plaintiff's writ is as follows:    "In a plea of trespass, for that the said George M. Goding and the said John O. Legroo on the first day of December, A. D. 1906, and on divers other days and times between that date and the day of the purchase of this writ, with force and arms, broke and entered the plaintiff's close, situate in Wilton, in said County of Franklin, to wit, a certain piece or parcel of land situated in Wilton aforesaid, bounded and described as follows, to wit: (Description omitted in this report.)    "And being so entered as aforesaid, felled, cut down and carried away fifty certain pine trees of great value, to wit, of the value of four dollars each and all of the value of two hundred dollars; also twenty-five hemlock trees each of the value of two dollars and all of the value of fifty dollars; also twenty-five maple trees each of the value of one dollar and all of the value of twenty-five dollars; also certain other trees of different and mixed kinds, to wit, twenty-five trees of the value of twenty-five dollars; also broke down, tore up and injured the soil of said premises particularly great damage to the orchard on said premises

to the value of two hundred dollars, then and there did ; and all of the above damage then and there done as aforesaid is to the damage of the said plaintiff (as he says) the sum of five hundred dollars."
Writ dated December 21, 1907. Plea, the general issue with brief statement as follows :

"1. That the pine trees were the property of the defendants, and that they had the right to cut and haul them from the ground, and that they had the permission and oral agreement of the said plaintiff to cut and haul off said logs from the premises described in plaintiff's said writ.

"2. That said pine logs were not the property of the plaintiff, but were the property of the defendants and that they had a legal right to said pine trees and logs, and the permission and license and right to enter said premises for the purposes aforesaid.

"3. That in cutting and hauling said logs they did no more damage than was absolutely necessary for the purposes of cutting and removing said logs and lumber from the premises aforesaid."

The premises on which the alleged trespasses were committed and previous to said alleged trespass, had been conveyed to the plaintiff by the defendants by deed of warranty dated May 2, 1904. Said deed contained the following clause : "Excepting and reserving, however, from the above described premises all the pine trees now growing on the same, with the right for the same to remain for a period of two years from date of this deed and not longer."

When the action came on for trial, it was agreed "that the timber cut on the premises was cut in December, 1907, against the objection of the plaintiff," and that "if the defendants were entitled to the trees and the right to cut and remove them at the time they did, the damages are to be assessed at $15 ; if they were not so entitled the damages are to be assessed at $87," and that on these agreements together with the writ and plaintiff's deed as a part of the case, the action should be reported to the Law Court "to render such judgment as the law and the facts requires."

The pith of the case is stated in the opinion.

*Enoch O. Greenleaf*, for plaintiff.

*Joseph C. Holman*, for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, SAVAGE, PEABODY, SPEAR, BIRD, JJ.

SPEAR, J. This is an action of trespass quare clausum. The plaintiff purchased the locus in quo of the defendants by deed dated May 2, 1904. It was an ordinary warranty deed containing the following clause: "Excepting and reserving, however, from the above described premises, all the pine trees now growing on the same, with the right for the same to remain for a period of two years from date of this deed and not longer."

It is admitted that the timber purporting to be reserved, was cut in December 1907 against the objection of the plaintiff. No plainer language could be used, calculated to fix the defendants' rights, than that contained in the reserving clause. The trees were all the time a part of the realty. The clause permitting their removal was an executory contract, the performance of which was to be consummated within two years from the date of the deed. At the end of that time, the contract was self-terminating, and the deed then had precisely the same effect touching the trees as if no reservation had ever been made. At the expiration of two years, the defendants' right to remove them had ceased. *Pease et al.* v. *Gibson*, 6 Maine, 81; *Donworth* v. *Sawyer*, 94 Maine, 242; *Emerson et als.* v. *Shores*, 95 Maine, 237 and *Erskine* v. *Savage*, 96 Maine, 57.

In accordance with the stipulation in the report, the entry must be,

*Judgment for the plaintiff for $87.*